**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01979-CMA

SUSAN PAULSON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,

    Defendant.

---

**ORDER REVERSING AND REMANDING ALJ'S DECISION
DENYING SOCIAL SECURITY BENEFITS**

---

This matter is before the Court on review of the Commissioner's decision to deny Plaintiff Susan Paulson's ("Plaintiff") application for disability insurance benefits pursuant to Title II of the Social Security Act. Jurisdiction is proper under 42 U.S.C. § 405(g).

## I. BACKGROUND

### A. Medical Evidence

Plaintiff was born on October 19, 1955. (AR at 48.) She has a college degree and completed two years of graduate school. (AR at 47.) Plaintiff reported that she previously worked as a licensed practical nurse. (*Id.*) Throughout the years, Plaintiff has had varying diagnoses of lupus, fibromyalgia, arthritis, bursitis, sciatica, possible disk herniation, nerve root irritation, possible autoimmune disease, questioned peripheral neuropathy, undifferentiated connective tissue disease, possible collagen vascular disease, herniated disc L5-S1 with lumbar radiculopathy, cognitive dysfunction

(possibly as a side effect of her medications), carpal tunnel syndrome, livedo reticularis, sjogren's syndrome, and adjustment disorder. Her medical records document complaints of generalized chronic pain, including neck, back, leg, feet, hip, muscle, migrating joint and bone pain, as well as headaches, rashes, sun sensitivity, forgetfulness, trouble sleeping, cramping, chest pain, nausea, blood in the urine, muscle spasms, feeling depressed, joint stiffness, loss of cognitive function, numbness, generalized fatigue and weakness. To treat these ailments, Plaintiff has received steroid injections and was prescribed various medications, physical therapy, and exercise.

**B.    Procedural History**

This case has a long, arduous procedural history that spans almost fourteen years. Plaintiff filed her application for disability insurance benefits on October 13, 1999, alleging a disability onset date of September 1, 1998. (AR at 48.) After her initial application was denied, Plaintiff requested a hearing, which was held before an Administrative Law Judge ("ALJ") on February 21, 2001, who issued an unfavorable decision on June 9, 2001. (AR at 33, 429-45.) The Appeals Council granted Plaintiff's request for review and remanded the case to the ALJ. (AR at 446-48.) A second hearing was held before an ALJ, who again issued an unfavorable decision on February 23, 2004. (AR at 513-23.) Again, the Appeals Council reviewed the ALJ's decision and remanded the case on March 15, 2006. (AR at 524-27.) An ALJ held a third hearing, then again issued a decision on January 3, 2008, denying benefits. (AR at 429-45.) The Appeals Council denied Plaintiff's request for review on March 21, 2009. (AR at 11-15.) Plaintiff filed a complaint requesting review of the administrative decision, and

the Commissioner filed an unopposed motion to remand the case back to the Appeals Council, which would then remand the case to an ALJ with instructions to reconsider the case and give particular attention to four bases. (AR at 827-29.) The Honorable John L. Kane granted the motion on December 22, 2009. (AR at 825-26.)

On remand, the ALJ declined to hold another hearing and issued another decision denying benefits on March 21, 2011. (AR at 802-23.) Plaintiff submitted written exceptions to the ALJ's decision, but the Appeals Council declined to assume jurisdiction over the case, stating that the "exceptions submitted do not provide a basis to change the [ALJ]'s decision." (AR at 769.)

On July 30, 2012, Plaintiff filed her appeal of the Commissioner's final decision. (Doc. # 1.) Plaintiff filed her opening brief on February 22, 2013. (Doc. # 16.) The Commissioner responded on May 24, 2013, and Plaintiff replied on June 18, 2013. (Doc. ## 21, 22.)

**C.     The ALJ's March 21, 2011 Decision**

In applying the five-step sequential evaluation process outlined in 20 C.F.R. § 404.1520 to determine whether Plaintiff was disabled, the ALJ determined that:

1. Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of September 1, 1998 through September 30, 2004, the date she was last insured [Step 1];

2. Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, mild left elbow neuropathy, and an adjustment disorder with depressed mood. The ALJ further determined that Plaintiff did not have medically determinable impairments of lupus, fibromyalgia, and Raynaud's phenomenon [Step 2];

3. Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 [Step 3];

4. Plaintiff had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 C.F.R. 404.1567(a) except that she should have had the opportunity to change position from sitting to standing; there should have been occasional climbing, stooping, crouching, crawling, or kneeling; and no repetitive pushing, pulling, over-chest-level, or assembly-line type of work; she should have avoided all exposure to cold temperature extremes and wetness; and the work should have been semi-skilled, with an [specific vocational preparation] of 3 or less."

5. Plaintiff was unable to perform any past relevant work [Step 4]; and

6. Given Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as: telemarketer, surveillance system monitor, and dispatcher. [Step 5].

## II. STANDARD OF REVIEW

The Court reviews the ALJ's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)). "Evidence is not substantial if it is overwhelmed by other evidence in the record." *Grogan v. Barnhart*, 399 F.3d 1257, 1261-62 (10th Cir. 2005). In so reviewing, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart,* 468 F.3d 615, 621 (10th Cir. 2006).

## III. ANALYSIS

In her appeal, Plaintiff raises four issues for the Court's review. However, because the ALJ's error at step two impacts the remainder of his decision, the Court declines to address the remainder of Plaintiff's contentions. *See Brown v. Barnhart*, 182

4

Fed.Appx. 771, 772 (10th Cir. 2006) (order and judgment) (failure to find plaintiff's fibromyalgia severe at step two impacted the subsequent steps in the ALJ's analysis); *Crider v Barnhart*, 427 F. Supp. 2d 999, 1010 (D. Colo. 2006) (declining to address plaintiff's additional contentions where the ALJ erred at step two by failing to address whether plaintiff had fibromyalgia).

At step two, the claimant bears the burden of making a threshold showing that her medically determinable impairment or combination of impairments significantly limits her ability to do basic work activities. *Brown*, 182 Fed.Appx. at 772 (internal citations and quotation marks omitted). A claimant must make only a *de minimis* showing for her claim to advance beyond step two of the analysis. *Dray v. Astrue*, 353 F. App'x 147, 149 (10th Cir. 2009) (unpublished); *Cowan v. Astrue*, 552 F.3d 1182, 1186 (10th Cir. 2008) (citing *Williamson v. Barnhart*, 350 F.3d 1097, 1100 (10th Cir. 2003)); *Langley v. Barnhart,* 373 F.3d 1116, 1123 (10th Cir. 2004). Step Two is designed "to weed out at an early stage of the administrative process those individuals who cannot possibly meet the statutory definition of disability." *Dray*, 353 F. App'x at 149 (quoting *Bowen v. Yuckert*, 482 U.S. 137, 156 (1987) (O'Connor, J., concurring)).

Plaintiff contends that the ALJ failed to properly evaluate the opinions of Ms. Paulson's treating physician, Dr. Frederica Smith, including her diagnosis of fibromyalgia. In evaluating Plaintiff's medically determinable impairments, the ALJ stated:

> While the claimant has received a possible assessment of fibromyalgia and the undersigned acknowledges that this condition cannot be established through diagnostic testing, the America[n] College of Rheumatology guidelines do specify that there must be widespread pain in all four quadrants of the body and at least 11 of 18 specified tender points on the body. Since the record does not provide these specific clinical

>   findings, it does not support fibromyalgia as a medically determinable impairment.

(AR at 808) (internal citations omitted).  The Commissioner, pointing to Social Security Ruling 12-2p, which provides guidance on determining whether a claimant has a medically determinable impairment of fibromyalgia, contends that this analysis was sufficient.  (Doc. # 21 at 12-13.)  However, as Plaintiff correctly points out, Social Security Ruling 12-2p provides a second method by which a plaintiff can demonstrate he or she has fibromyalgia.  2012 WL 3104869, at *3.  The Ruling states that the ALJ may also find that a person has a medically determinable impairment of fibromyalgia if he or she has:

1. A history of widespread pain;

2. Repeated manifestations of six or more fibromyalgia symptoms, signs,[1] or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems, waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome; and

3. Evidence that other disorders that could cause these repeated manifestations of symptoms, signs, or co-occurring conditions were excluded.[2]

---

[1] These include muscle pain, irritable bowel syndrome, fatigue or tiredness, thinking or remembering problems, muscle weakness, headache, pain or cramps in the abdomen, numbness or tingling, dizziness, insomnia, depression, constipation, pain in the upper abdomen, nausea, nervousness, chest pain, blurred vision, fever, diarrhea, dry mouth, itching, wheezing, Raynaud's phenomenon, hives or welts, ringing in the ears, vomiting, heartburn, oral ulcers, loss of taste, change in taste, seizures, dry eyes, shortness of breath, loss of appetite, rash, sun sensitivity, hearing difficulties, easy bruising, hair loss, frequent urination, or bladder spasms. SSR 12-2p, 2012 WL 3104869, at *3.

[2] According to the Ruling, examples of other disorders that may have symptoms or signs that are the same or similar to those resulting from fibromyalgia include rheumatologic disorders, myofacial pain syndrome, polymyalgia rheumatica, chronic Lyme disease, and cervical hyperextension-associated or hyperflexion-associated disorders.  SSR 12-2p, 2012 WL 3104869, at *3.

The ALJ did not address or acknowledge this second method of determining whether a claimant has a medically determinable impairment of fibromyalgia.

The failure to consider Plaintiff's fibromyalgia at step two could impact the ALJ's RFC determination on remand.  *See Brown,* 182 Fed.Appx. at 774; *Crider*, 427 F. Supp. 2d at 1010.  Moreover, the ALJ's determination that Plaintiff was not entirely credible with respect to her complaints of incapacitating pain, fatigue, and other symptoms "is made problematic by his refusal to consider her fibromyalgia."  *Brown,* 182 Fed.Appx. at 774.  This is particularly true in light of the ALJ's reliance in his credibility determination on "objective evidence of cervical pathology" and "clinical findings [that] showed good movement throughout the extremities and spinal components [and] preservation of normal strength."  *Id*. (ALJ's failure to consider plaintiff's fibromyalgia diagnosis complicated ALJ's credibility determination where he took into account claimant's strength and diagnostic tests); *see also Preston v. Sec'y of Health & Human Servs.*, 854 F.2d 815, 820 (6th Cir. 1988) (persons suffering from fibromyalgia "manifest normal muscle strength and neurological reactions and have a full range of motion"); *accord Sanchez v. Astrue*, 2009 WL 4810696, at * 4 (D. Colo. Dec. 10, 2009).  Upon remand, Plaintiff's credibility and RFC must be reassessed in light of all the evidence in the record possibly supporting the existence of fibromyalgia as a disabling impairment.[3]

---

[3] Plaintiff asks this Court not to remand this case and instead enter a finding of disability and award benefits.  While the Court is empathetic to Plaintiff's frustrations with the delay of a final determination on her claim, the Court is not is a position to find Plaintiff disabled as a matter of law.  *See Sorenson v. Bowen*, 888 F.2d 706, 713 (10th Cir. 1989) ("Outright reversal and remand for immediate award of benefits is appropriate when additional fact finding would serve no useful purpose.")

## IV.  **CONCLUSION**

Accordingly, it is ORDERED that the ALJ's denial of social security disability benefits is REVERSED.  This case is REMANDED to the Commissioner for proceedings consistent with this Order.   It is

FURTHER ORDERED that Oral Argument set for August 20, 2013 at 1:30 p.m. is vacated.

DATED:  August  09  , 2013

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge