**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 12-cv-01979-CMA

SUSAN PAULSON,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,

    Defendant.

---

**ORDER DENYING MOTION FOR ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT**

---

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).  (Doc. # 37.)   For the reasons discussed below, the Court denies the motion.

## I. BACKGROUND

The facts and procedural history of this case are set out at length in the Administrative Record (Doc. # 10), as well as in the briefing on the merits that both parties submitted (Doc. ## 16, 21, 22), and this Court's written order (Doc. # 32).   In that order, this Court reversed the March 21, 2011 decision of the Administrative Law Judge ("ALJ") and remanded the matter to Defendant, the Commissioner of Social Security, for further proceedings.   (Doc. # 32.)   Pursuant to the Court's Order, the Clerk of the Court entered Judgment in Plaintiff's favor.   (Doc. # 33.)   Thereafter, Plaintiff filed the instant motion

(Doc. # 37), which is ripe for the Court's review (Doc. ## 39, 40).   Plaintiff requests $6,543.55 in attorney's fees under the EAJA.   (*Id.*)

## II.   DISCUSSION

Under the EAJA, a party that prevails against the United States in court, including a successful Social Security benefits claimant, may be awarded fees if the position of the United States was not "substantially justified" and there are no special circumstances that make an award of fees unjust.   28 U.S.C. § 2412(d)(1)(A); *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).   As ample case law indicates, where, as here, a Social Security disability claimant obtains a remand to the Commissioner under 42 U.S.C. § 405(g), she is a prevailing party for purposes of the EAJA.   *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).   Further, the Commissioner does not assert any special circumstances that would make an award of fees unjust.

The Commissioner bears the burden of demonstrating that her position was substantially justified—a test that, in this Circuit, "means [her] position was reasonable in law and in fact and thus can be justified to a degree that could satisfy a reasonable person."   *Harrold v. Astrue*, 372 F. App'x. 903, 904 (10th Cir. 2010) (unpublished) (internal quotation marks and citations omitted).   "Both the Commissioner's prelitigation and litigation positions must have had reasonable bases in fact and law to be considered substantially justified."   *Id.*   Further, EAJA fees "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position."   *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007).

In the instant case, Plaintiff argued that the ALJ failed to properly determine that she had fibromyalgia at Step Two of the five-step sequential evaluation process outlined in 20 C.F.R. § 404.1520. The Court agreed, and remanded on that basis alone, because it affected the remainder of the ALJ's decision. Nonetheless, the Court agrees with the Commissioner that her position on this issue was substantially justified, because she argued that the ALJ's decision was properly based upon Social Security Ruling 12-2p, and relied upon the version of that ruling as it appeared at the time of the ALJ's decision.[1] Therefore, the Commissioner relied on an arguably defensible administrative record. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). Accordingly, the Commissioner has met her burden in demonstrating that her position was substantially justified.

### III. **CONCLUSION**

For the foregoing reasons, it is ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 is DENIED. (Doc. # 37.)

---

[1] In her response, the Commissioner argues, for the first time, that the portion of SSR 12-2p that Plaintiff and this Court relied upon does not apply to Plaintiff's claims because it was not a part of the regulation when the ALJ rendered his decision. This argument was not before the Court when it rendered a decision on Plaintiff's substantive claims. A better practice would have been for the Commissioner to alert the Court to this issue by requesting permission to file a sur-reply to Plaintiff's reply brief. The Commissioner failed to do so, and as a result, the Court did not have the benefit her arguments on retroactivity when it addressed Plaintiff's claims. Nonetheless, the Court notes that whether remand would have been appropriate remains a close call. Although some courts have determined that SSR 12-2p does not apply retroactively, *see, e.g., Kurowski v. Colvin*, No. 4:12CV137, 2013 WL 5306649, at *2 (E.D. Va. Sept. 18, 2013), the Tenth Circuit instructs that, "[g]enerally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007).

DATED:  April   17  , 2015

                                        BY THE COURT:

                                        _____
                                        CHRISTINE M. ARGUELLO
                                        United States District Judge

4